NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000023
09-JAN-2013
09:35 AM**

CAAP-12-0000023

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KIRBY ENRIQUES, aka KIRBY JENAI HOKULANI ENRIQUE,
Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. FC-CR 11-1-142K)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)

Defendant-Appellant Kirby Enriques (Enriques), also known as Kirby Jenai Hokulani Enrique, appeals from the Judgment filed in the Family Court of the Third Circuit (Family Court)[1] on December 14, 2011.  Enriques was charged with abuse of a family or household member, in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (Supp. 2011).[2]  At the time relevant

---

[1] The Honorable Joseph P. Florendo, Jr., presided.

[2] HRS § 709-906(1) provides in relevant part:

    It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . .

    For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

to this case, the complaining witness (CW) was in a romantic relationship with Enriques, and they were living together.

After a jury-waived bench trial, the Family Court found Enriques guilty as charged. The Family Court sentenced Enriques to two years of probation, subject to the condition that she be imprisoned for a period of thirty days, with all but two days suspended, as long as she remained arrest and conviction free and in compliance with counseling orders.

On appeal, Enriques argues that: (1) there was insufficient evidence to negate her defense of self-defense; and (2) there was insufficient evidence that she acted with the requisite state of mind to physically abuse the CW. We affirm.

I.

A.

The evidence adduced at trial included the following: Enriques and the CW were involved in an altercation outside of a Sack'n Save store. The police were called and the CW gave a signed, written statement to the responding officer. The CW identified Enriques as the person who hurt the CW and described her relationship to Enriques as "Girlfriend." In her written statement, the CW described what happened as follows:

> I was buying a beer (12 pack) forgot my Id in my truck so I went out to grab my Id then she [(Enriques)] pushed me and I pushed her back and told her get the fuck away from me and leave me alone. I walked to inside the store and grabbed a 12 pack trying to walk to the cashier to pay for my beer but I just put my beer down and walked out of the store then I was trying to get in my truck but she kept pushing me so I pushed her back and then she pulled my hair and punched me w/her left hand on the right side of my face, then after she punched me I punched her back with my right hand.

The CW also stated that she told Enriques "to leave me alone" before Enriques hurt the CW and that the CW felt pain in her neck from the "pulling of hair[.]"

When called to testify at trial, the CW recanted her statement to the police. The CW denied that Enriques had made physical contact with the CW, pushed the CW, grabbed the CW's

2

hair, or punched the CW during the incident. The Family Court admitted the CW's written statement to the police in evidence.

Jose Miranda (Miranda) testified that he saw two females involved in a "public disturbance" at Sack'n Save and separated them. One of the females got into a truck, and the other female, who Miranda identified as Enriques, went over to the driver's side window and "start hitting in there." Miranda stated that Enriques was very upset, hit the window of the truck and the back of the truck, and accused the other female of stealing Enriques's money. Miranda did not see how the altercation started, but stated that he was concerned about Enriques's behavior and described Enriques as "pretty aggressive" and the "more aggressive" person. Miranda called the police but left the scene before they arrived.

Police officer Jeremy Lewis (Officer Lewis) testified that he was one of the officers who responded to the Sack'n Save parking lot. Officer Lewis testified that he observed swelling under the CW's right eye.

B.

Enriques testified in her own defense at trial. Enriques testified that she noticed that $300 of her money was missing. When she saw the CW at Sack'n Save, she accused the CW of stealing her money and tried to stop the CW from spending it to buy beer. According to Enriques, the CW backhanded her and punched her. This prompted Enriques to defend herself by grabbing the CW's hair and holding the CW down, while the CW continued to swing at Enriques.

C.

The Family Court found Enriques guilty as charged of abuse of a family or household member. The Family Court stated that it did not believe the CW's trial testimony, but instead credited the CW's written statement to the police, which the Family Court found was "more reliable evidence of the events of that day." The Family Court found that Enriques "was the aggressor in the immediate events leading up to the act of abuse"

3

and that Enriques "was upset at [the CW] because [Enriques] believed [the CW] stole her money and that [the CW] was using Ms. Enriques' money to purchase alcohol." It further found that Enriques pushed the CW, who pushed back, and that Enriques then pulled the CW's hair and punched the CW in the face. The Family Court stated that in its view, the CW's reaction in punching Enriques was an act of self-defense on the CW's part.

II.

In evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution. State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (block quote format and citation omitted).

> Substantial evidence is "evidence which a reasonable mind might accept as adequate to support the conclusion of the fact finder." Matters related to the credibility of witnesses and the weight to be given to the evidence are generally left to the factfinder. The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence.

State v. Mitchell, 94 Hawai'i 388, 393, 15 P.3d 314, 319 (App. 2000) (citations omitted). We give "full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact." State v. Yabusaki, 58 Haw. 404, 411, 570 P.2d 844, 848 (1977) (block quote format and citation omitted).

III.

We resolve the arguments Enriques raises on appeal as follows:

1. There was sufficient evidence to negate Enriques's defense of self-defense. The Family Court found that Enriques was the aggressor and pulled the CW's hair and punched the CW in the face. When viewed in the light most favorable to the

prosecution, there was substantial evidence to support the Family Court's finding and to negate Enriques's claim of self-defense.

Enriques's argument that there was insufficient evidence to negate her self-defense claim presumes that the Family Court should have accepted the CW's trial testimony and Enriques's version of the incident. However, the Family Court was not required to accept the CW's trial testimony and Enriques's version, but could reasonably reconcile the conflicting evidence in a manner adverse to Enriques. The prosecution disproves a defendant's claim of self-defense beyond a reasonable doubt when the trier of fact believes the prosecution's case and disbelieves the defense. In re Doe, 107 Hawai'i 12, 19, 108 P.3d 966, 973 (2005); see State v. Pavao, 81 Hawai'i 142, 146, 913 P.2d 553, 557 (App. 1996). The Family Court's findings establish that it disbelieved Enriques's self-defense claim. We conclude that there was substantial evidence to support the Family Court' rejection of Enriques's self-defense claim. See Mitchell, 94 Hawai'i at 393, 15 P.3d at 319 ("Matters related to the credibility of witnesses and the weight to be given to the evidence are generally left to the factfinder.").

2. There was sufficient evidence to show that Enriques acted with the requisite state of mind to physically abuse the CW. The requisite state of mind for a violation of HRS § 709-906(1) is acting intentionally, knowingly, or recklessly. State v. Eastman, 81 Hawai'i 131, 140, 913 P.2d 57, 66 (1996). A defendant's state of mind "may be read from his or her acts or conduct and the inferences fairly drawn from all of the circumstances." State v. Pudiquet, 82 Hawai'i 419, 425, 922 P.2d 1032, 1038 (App. 1996) (internal quotation marks and citation omitted). When viewed in the light most favorable to the prosecution, there was substantial evidence to show that Enriques intentionally, knowingly, or recklessly caused physical abuse to the CW when Enriques pulled the CW's hair and punched the CW in the face, causing swelling under the CW's eye.

IV.

We affirm the Family Court's December 14, 2011, Judgment.

DATED:   Honolulu, Hawai'i, January 9, 2013.

On the briefs:

Pedric T. Arrisgado
Deputy Public Defender
for Defendant-Appellant

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge